F. & E. PECK VS DINSMORE et al.

*As to parol testimony upon written agreements.*
*As to proof upon a bill of lading.*

1. A bill of lading, not declared upon, is not evidence, in an action to recover for goods lost by a carrier, without proof of its execution.

2. Where a bill of lading is produced, in an action, to recover for goods lost by a carrier, such production is an admission, that the undertaking of the carrier, is in writing—and parol proof that the goods carried were shipped by the shipper, as the agent of the plaintiff, is not admissible.

3. In an action to recover for goods lost by a carrier, evidence, that the goods were shipped in the name of one, as the agent of the plaintiff—and were the property of the plaintiff—is not testimony *alone* of an undertaking to carry.

This was an action of trespass on the case, for the recovery of damages, for the loss of cotton, undertaken to be carried upon a steam-boat; and was prosecuted by the plaintiffs in error, against the defendants in Mobile Circuit Court.

Upon the plea of not guilty, a verdict was rendered for the defendants; and by bill of exceptions and writ of error, the cause was removed here.

It appeared from the bill of lading, that the cotton had been shipped by and in the name of one Alexander Wemyss. The plaintiffs produced the bill of lading and then offered to prove by the said Wemyss, that he shipped the cotton as the agent of the plaintiffs, and that the cotton was theirs; and thereto offered the bill of lading in evidence. This testimony, the Court rejected.

*Ellis & Peck,* for plaintiffs in error.
*Stewart and Thornton,* contra.

HOPKINS, J.—It appears, from the bill of exceptions in this case, that the plaintiffs in error, produced, at the trial of the cause, the bill of lading, which showed that the cotton had been shipped by, and in the name of one Weymss. The bill of exceptions states that they then proposed to prove by Weymss, that he shipped the cotton as their agent, and that the cotton belonged to them; " and then offered the bill of lading in evidence, which testimony the Court overruled, and refused to allow to go to the jury.

We understand, from the record, that the bill of lading was not read as evidence to the jury, but that the Circuit Court rejected it, when the plaintiffs offered to read it as testimony. It was offered without any proof that it was executed by the authority of the owners of the steam boat, or of the hand-writing of the person, whose name was signed to it as clerk.

The declaration was not upon the bill of lading; it was not, therefore, without proof of its execution, competent evidence; but the production of the bill of

lading, was an admission by the plaintiffs, that the undertaking of the owners to carry the cotton to the city of Mobile, was in writing, and as they failed to prove the written contract, they had no right to prove a parol agreement, not in writing, to transport the cotton. The witness Weymss, was offered to prove, that they owned the cotton, and he shipped it as their agent, but not that the owners agreed to carry it. Such evidence alone, did not tend to prove, that the owners of the boat undertook to carry the cotton; and when the only testimony of an undertaking, on their part, was properly rejected, it was proper to reject, also, the evidence of the witness, because it was irrelevant. The facts, which the plaintiffs proposed to prove by the witness, that the cotton belonged to them, and he shipped it as their agent, could not affect the owners of the boat, and evidence of them was, therefore, incompetent, after the only testimony, that was offered of an undertaking, on their part, to carry the cotton, had been rejected.

Let the judgment be affirmed.